UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERTO EDWARDS,

        Petitioner,

                                                Case Number: 14-cv-11707
v.                                           Honorable Linda V. Parker

J.A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S
## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas case filed under 28 U.S.C. § 2241. Gilberto Edwards is confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). In his petition, Edwards challenges a disciplinary conviction which resulted, *inter alia*, in the loss of 13-days good conduct time. Respondent J.A. Terris has filed a motion to dismiss the petition, arguing that it is now moot because the disciplinary conviction was vacated. The Court is granting Respondent's motion and dismissing the petition.

### I. Background

Edwards is serving a 235-month sentence, imposed by the United States District Court for the Eastern District of New York, following a conviction for conspiracy to import five kilograms or more of cocaine. At the time of the incident giving rise to the disciplinary proceeding, Edwards was incarcerated at the Federal Prison Camp in Schuylkill, Pennsylvania.

At 8:45 p.m. on April 8, 2013, a corrections officer observed Edwards walking on

the prison camp track with another inmate, Otis Jones.  Prison officials maintain that inmates are not authorized on the track after nightfall.  The officer observed Jones run over a hill and disappear into the woods.  Edwards remained on the track, pacing back and forth in a manner that suggested to the officer that Edwards was acting as a lookout.  Once Jones returned to the track, both inmates were searched.  A cell phone and charger were found on Jones.  (*See* ECF No. at 1 at Pg ID 34 [Incident Report].)

Following a disciplinary proceeding, a discipline hearing officer ("DHO") found Edwards guilty of being in an unauthorized area, offense code 316.  (*Id*. at Pg ID 35-37.)  Edwards was sanctioned with the loss of 13 days good conduct time, 30 days of disciplinary segregation, forfeiture of 30 days non-vested good conduct time, and 8 months loss of telephone and visiting privileges.  (*Id*.)

Edwards appealed the DHO's decision to the Regional Office, contending that the track is not designated an authorized area.  The Regional Office affirmed the DHO's decision.  (ECF No. 1 at Pg ID 30.)  Edwards filed an appeal to the Central Office for Inmate Appeals.  Federal regulations provide that the BOP Central Office has forty days in which to issue a response to an appeal.  *See* 28 C.F.R. § 542.18.  On September 24, 2013, the Central Office notified Edwards that additional time (until November 15, 2013) was needed to respond to his appeal.  In the interim, Edwards was transferred to FCI-Milan.

On April 23, 2014, he filed the pending habeas petition.  At that time, a response to his Central Office appeal had not been issued.  Edwards raises these claims in his petition:

(i) due process violation; (ii) improperly sanctioned with the loss of good conduct time because he was not given fair notice that his conduct was proscribed; and (iii) prison staff interfered with Edwards' ability to prepare and present a defense.

On June 19, 2014, two months after Edwards filed his habeas petition, the Central Office for Inmate Appeals issued a response to Edwards' appeal. The Central Office partially granted the appeal because the offense of aiding and abetting the possession of a hazardous tool more accurately reflected the circumstances of the incident described by the incident report. (ECF No. 8, Ex. 2.) The Central Office returned the incident report to FCI-Milan asking that the report be re-written, the violation code changed, and a new hearing granted. (*Id.*)

On September 17, 2014 the DHO conducted a rehearing. The DHO found Edwards guilty of the new charge, aiding and abetting the possession of a hazardous tool (a cell phone). (ECF No. 8, Ex. 4.) The DHO imposed the same sanctions imposed following the first disciplinary hearing. (*Id.*)

Respondent then filed the pending motion to dismiss.

## II. Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v.*

*Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotations omitted).

Respondent argues that the petition is now moot because the disciplinary proceeding challenged in the conviction has been vacated and Edwards has been afforded a new hearing. In the petition, Edwards requests that the Bureau of Prisons be ordered to vacate the conviction for being in an unauthorized area, expunge the incident report, and restore good-time conduct credit. He also requests that a new hearing be ordered regarding the charge of being in an unauthorized area. The Central Office's decision provided Edwards with relief. The Central Office ordered that the incident report be rewritten and that Edwards be afforded a new hearing. When prison officials vacate a disciplinary conviction and order a new hearing, claims that are based on the disciplinary conviction are rendered moot. *Buhl v. Berkebile*, No. 13-1420, 556 F. App'x 778, 778

(10th Cir. May 21, 2014).

Because the disciplinary conviction challenged in the petition has been vacated, any injury that Edwards suffered from the first disciplinary hearing cannot be redressed by a favorable judicial decision from this Court. Edwards' claims have thus been rendered moot and the Court lacks jurisdiction to address them.

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot (ECF No. 8) is **GRANTED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
